IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONATHAN MAYER,** | : | **CIVIL ACTION** |
| *Plaintiff-Relator*, | : | |
| | : | |
| v. | : | |
| | : | |
| **ADCS CLINICS, LLC,** *et al.*, | : | |
| *Defendants*. | : | **NO. 21-cv-5303** |

## MEMORANDUM

**KENNEY, J.**                                                              **OCTOBER 11, 2024**

The Court writes for the benefit of counsel and the parties. The Healthcare Defendants and Harvest Partners, LP ("Defendants") move to transfer this action from the U.S. District Court for the Eastern District of Pennsylvania to the U.S. District Court for the Middle District of Florida. ECF No. 98. For the reasons discussed here, Defendants' motion to transfer venue is denied.

A court may transfer a case to another venue "for the convenience of parties and witnesses, in the interest of justice," as long as the new forum is where the action "might have been brought" at the outset. 28 U.S.C. § 1404(a); *See also Hoffman v. Blaski*, 363 U.S. 335, 344-43 (1960). The Court finds that Relator could have brought this action in the Middle District of Florida, in accordance with the False Claims Act (FCA) and its venue provision, which provides that "[a]ny action under section 3730 may be brought in any judicial district in which the defendant . . . can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred. 31 U.S.C § 3732; *See also United States ex rel. Smith v. Athena Constr. Grp., Inc.*, No. 1:17-cv-60, 2018 WL 4110743, at *3 (M.D. Pa. Aug. 29, 2018) ("[A] company situated in the United States may be haled into any federal court in any state where that company transacts business or has allegedly violated the FCA."). Section 3729 proscribes the submission of false claims for payments to the federal government, as alleged by Relator. *See* 31 U.S.C. § 3729(a).

The parties here do not disagree that ADCS Clinics, LLC, the parent and management company for all ADCS's clinics nationwide, and Leavitt Medical Associates of Florida, the largest dermatology practice in the action, are both headquartered in Florida, and that several Defendants have a principal office in Florida. ECF No. 98 at 2, citing ECF No. 52 ¶¶ 17, 27-31, 33, 42. Accordingly, Defendants can be found in Florida, transact business in Florida, and have plausibly engaged in the fraudulent schemes alleged by Relator in Florida. Thus, pursuant to § 1404(a), Relator could have brought this action in the Middle District of Florida at the outset.

However, as the parties know, a court may transfer a case only upon balancing various private and public interests to determine if a different venue would better convenience parties and witnesses and serve the interests of justice, as specified by § 1404(a). *See also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (citation omitted). A court enjoys broad discretion in weighing these interests, an exercise that requires "flexib[ility]" and an analysis of "the unique facts of each case." *United States v. Warren*, No. 21-4511, 2022 WL 2718714, at *3 (E.D. Pa. July 13, 2022).

Private interests are those concerning "the convenience of the parties and witnesses," § 1404(a), and include (1) "plaintiff's forum preference as manifested in the original choice"; (2) "defendant's preference"; (3) "whether the claim arose elsewhere"; (4) "the convenience of the parties as indicated by their relative physical and financial condition"; (5) "the convenience of the witnesses"; and (6) "the location of books and records," *Jumara*, 55 F.3d at 879 (citations omitted). Public factors, on the other hand, concern "the interest of justice," § 1404(a), and include (1) "the enforceability of the judgment"; (2) "practical considerations that could make the trial easy, expeditious, or inexpensive"; (3) "the relative administrative difficulty in the two fora resulting from court congestion"; (4) "the local interest in deciding local controversies at home"; (5) "the

public policies of the fora"; and (6)"the familiarity of the trial judge with the applicable state law in diversity cases," *Jumara*, 55 F.3d at 879-80 (citations omitted).

The defendant bears the burden of showing the court that this "balancing of proper interests weighs in favor of the transfer." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (citation omitted). Here, Defendants assert that Relator's selected forum—Pennsylvania—"has little (or no) connection to the case" and that transferring the case to Florida is warranted under § 1404(a). ECF No. 98 at 12. Defendants contend that Pennsylvania has "virtually no operational footprint" and is home to far fewer practice locations than Florida. *Id.* at 8. Defendants note that because of Defendants' corporate and clinical presence in Florida, Relator's claims arose more from events there than in Pennsylvania. *Id.* at 7-9. Further, Defendants argue that any alleged policies or directives requiring ADCS clinics nationwide to engage in fraudulent practices, e.g., company policies created by ADCS's Medical Executive Committee, ECF No. 52 ¶ 25, would necessarily emanate from Florida, home to ADCS Clinics, LLC's headquarters, ECF No. 98 at 7. Similarly, as a "practical consideration," trial in Florida would be "considerably easier, more expeditious, and less expensive," Defendants argue, because key witnesses and relevant documents would not have to travel from Florida to Pennsylvania. ECF No. 98 at 11, 13-14 (citing *Jumara*, 55 F.3d at 879).

Finally, Defendants assert that the Court should not defer to Relator's choice of venue when "the central facts of a lawsuit occur outside of the chosen forum." ECF No. 98 at 12 (citing *Potrykus v. CSX Transp., Inc.*, No. 08-3729, 2009 WL 466573, at *2 (E.D. Pa. Feb. 25, 2009)). Likewise, Defendants assert that public interest weighs against conducting a trial in Pennsylvania, a forum that has no connection to the events at issue, and "subject[ing] the citizens of [that] community to the burdens of jury service." *Id.* at 14 (citing *Bogollagama v. Equifax Info. Servs.,*

3

*LLC*, No. 09-1201, 2009 WL 4257910, at *6 (E.D. Pa. Nov. 30, 2009)).

The Court has considered Defendants' analysis and does not find that transferring the case to the Middle District of Florida would make litigating this action more convenient for the parties or serve the interests of justice. To start, venue is proper in Pennsylvania under the FCA's venue provision and Defendants do not claim otherwise in their motion. *See generally* ECF Nos. 98, 118. Second, while a court typically gives deference to the private interest of Relator's forum preference, a "choice that should not be lightly disturbed," *Shutte*, 431 F.2d at 25, the Court acknowledges that "when the central facts of a lawsuit occur outside of the chosen forum," as may be the case in a qui tam action, "plaintiff's choice of forum is accorded less weight," *Frazer v. Temple Univ.*, No. 1:13-cv-00074, WL 12152474, at *2 (M.D. Pa. 2013). Nevertheless, because the parties do not dispute that Pennsylvania is home to a named Defendant and because Relator alleges that a sizeable number of events did occur under the auspices of ADCS physicians in Pennsylvania, the Court will defer to Relator's forum preference and abide by the general principle that "[u]nless the moving party can demonstrate that the relevant factors weigh strongly in its favor, the plaintiff's choice of forum will likely prevail." *Dariz v. Republic Airline Inc.*, 377 F. Supp. 3d 499, 502-03 (E.D. Pa. 2019).

Relator effectively ties Defendants to Pennsylvania by alleging that ADCS's fraudulent schemes were carried out by twenty-three Pennsylvania providers and eleven ADCS Pennsylvania practice locations, and that Pennsylvania providers improperly self-referred thousands of dermatopathology specimens collected from Medicare patients in Pennsylvania, in violation of the Stark Act. ECF No. 52 ¶¶ 35, 56, 192-206. Relator's Amended Complaint also includes specific allegations of fraud related to specific supervising dermatologists in Pennsylvania. *Id.* ¶¶ 192-206. Accordingly, Relator's claims arise, in sufficient part, from alleged events in Pennsylvania.

Moreover, because Relator alleges that Defendants' fraudulent conduct occurred nationwide, transferring this case from one locus of fraud to another does not necessarily improve judicial economy. *See, e.g., United States ex rel. Bassan v. Omnicare, Inc.*, No. 1:15-cv-04179, 2022 WL 72300, at *4 (S.D.N.Y. Jan. 7, 2022) ("[T]he alleged scheme is a nationwide one that was undertaken not only in Ohio but unraveled in pharmacies in Districts across the country. The factor weighs against transfer."). Thus, the Court is not persuaded that Florida is a more convenient forum for witnesses and trial than Pennsylvania or that transferring venue is in the interest of justice. Of the twenty Defendants in this case, only three are based in Florida, and ten of the Defendants (the practice locations) are dispersed throughout the country. ECF No. 52 ¶¶ 27-35. Relator himself is a resident of Colorado. *Id.* at ¶ 15. So while Florida may serve as a more convenient forum for some Defendants, this is not necessarily the case for all or even most of the parties, including Relator. In addition, the convenience of the witnesses is considered "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 880. The same goes for documents – this factor is only considered to the extent that files could not be produced in the alternative forum. *Id.*

In sum, upon balancing various public and private factors, the Court is not moved by Defendants' arguments that transferring this action from the Eastern District of Pennsylvania, where venue is statutorily proper under the FCA, to the Middle District of Florida would improve judicial economy or serve the interests of justice. Accordingly, Defendants' motion is denied. An appropriate order will be issued.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**