IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONATHAN MAYER,** | : | **CIVIL ACTION** |
| *Plaintiff-Relator*, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ADCS CLINICS, LLC,** *et al.*, | : | No. 21-cv-5303 |
| *Defendants*. | : | |

# ORDER

**AND NOW**, this **22nd day** of **July 2025**, upon consideration of Relator's Motion to Compel (ECF No. 190), Defendant ADCS Clinics, LLC's Opposition (ECF No. 198), Relator's Reply (ECF No. 199), Defendant ADCS Clinics, LLC's Sur-Reply (ECF No. 200), Relator's Response to the Sur-Reply (ECF No. 201), Defendants' Motion for Entry of Protective Order (ECF No. 204), Relator's Opposition (ECF Nos. 208, 209), Defendants' Reply (ECF No. 212), and the docket, it is hereby **ORDERED** as follows:

1. Relator's Motion to Compel (ECF No. 190) is **GRANTED** in part and **DENIED** in part.

    a. Defendants shall disclose each supervising dermatologist's "ownership or stock ownership in any Defendant," *see* ECF No. 190-1 at 8, where that ownership was received as part of a "compensation arrangement," as defined by the Stark Law. *See* 42 U.S.C. § 1395nn(h)(1); 42 C.F.R. § 411.354(c).

    b. The Motion to Compel is denied in all other respects.

2. Defendants' Motion for Entry of Protective Order (ECF No. 204) is **GRANTED** in part and **DENIED** in part.

    a. With respect to ownership interests, the Motion for Entry of Protective Order is granted in part and denied in part for the reason identified above. *See supra* Section 1.a.

b. With respect to the purchase price of Dr. Grekin's practice, the Motion for Entry of Protective Order is denied.

c. The Motion for Entry of Protective Order is granted in all other respects.

**BY THE COURT:**

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**