IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONATHAN MAYER,** | : | **CIVIL ACTION** |
| *Plaintiff-Relator*, | : | |
| | : | |
| v. | : | |
| | : | |
| **ADCS CLINICS, LLC,** *et al.*, | : | No. 21-cv-5303 |
| *Defendants*. | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                                   **September 9, 2025**

The Court writes for the benefit of the Parties and assumes familiarity with the facts of the case, as well as with the prior discovery disputes between the Parties.[1] Relators moves to compel certain discovery, as raised in the Parties' Joint Status Report (ECF No. 230). After Relator raised these issues, the Court gave Defendants one week to respond. *See* ECF No. 231 at 1–2. For the reasons set forth below, Relator's Motion (ECF No. 230 at 21–23), will be **GRANTED** in part and **DENIED** in part.

**I.   DISCUSSION**

   **A.  Medical Executive Committee Contracts**

Relator moves to compel Defendants to produce unredacted copies of contracts between Defendant ADCS Clinics, LLC and Supervising Dermatologists who served on a Medical Executive Committee. *See* ECF No. 230 at 21. At the July 28, 2025 Deposition of Dr. Murray Cotter, Dr. Cotter testified that the Medical Executive Committee contracts included performance metrics related to usage of the 99201 billing code, alongside financial compensation. *See id.; see also* ECF No. 236 at 8. Given this testimony, Relator argues that the unredacted contracts are relevant to his claim that Defendants fraudulently directed employees to stop using the 99201 code

---

[1] *See* ECF Nos. 165, 170, 183, 190, 191, 204, 213, 214.

and to "upcode" to billing codes that were reimbursed at higher amounts, *see* ECF No. 52 at 16–17. *See* ECF No. 237 at 4. Relator also argues that the unredacted contracts are relevant to his Stark Law claims, which concern the compensation of Supervising Dermatologists. *Id.* at 2.

Defendants admit that the contracts are relevant to Relator's 99201 upcoding claims. ECF No. 236 at 9. However, they argue that the redacted information is irrelevant because it concerns "only financial arrangements with nonparties." *See id*. As this Court has previously noted, however, *see* ECF No. 232 at 7, unilateral redactions by the producing party for relevance are disfavored. *See Durling v. Papa John's Int'l, Inc.*, No. 16-CIV-3592, 2018 WL 557915, at *9 (S.D.N.Y. Jan. 24, 2018); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014); *Bartholomew v. Avalon Cap. Grp., Inc.*, 278 F.R.D. 441, 451 (D. Minn. 2011); *Laub v. Horbaczewski*, 331 F.R.D. 516, 526 (C.D. Cal. 2019); *Doe v. Trump*, 329 F.R.D. 262, 276 (W.D. Wash. 2018). Defendants point to no specific privilege that applies to this information, and they do not meaningfully develop an argument about why it would be harmful to produce this information to Relator. Instead, they provide conclusory statements that these contracts contain sensitive financial information. *See* ECF No. 236 at 4, 5, 9. These conclusory statements do not suffice to warrant Defendants' redactions for responsiveness. *See, e.g.*, ECF No. 238 at 6–7.

Defendants also argue that they redacted this information to comply with the spirit of the Court's July 22, 2025 ruling. *See id.* at 9. That ruling denied Relator's motion to compel information about all amounts each Defendant paid to Defendant ADCS Clinics, LLC, because a sweeping inquiry into payment relationships between the Parties was minimally relevant to Relator's claims and not proportional to the needs of the case. *See* ECF No. 217 at 2–4. However, unlike that sweeping inquiry, these contracts bear directly on Relator's 99201 claims. As Defendants concede, while the contracts do not on their face reference the 99201 code, the "Clinical Excellence" performance metric set forth by the contracts related to usage of the 99201

code. *See* ECF No. 236 at 8. And the compensation for satisfying the Clinical Excellence Performance metric is probative of the financial incentive Supervising Dermatologists on the Medical Executive Committee had to reduce usage of the 99201 code among employees.

Because these contracts are relevant to Relator's "upcoding" claims, as well as proportional to the needs of the case, and because Defendants have not developed arguments about why redactions for relevancy are proper here, or why the redacted information is privileged, the Court will grant Relator's Motion to Compel with respect to the Medical Executive Committee contracts. The Court therefore need not reach the issue of whether these contracts, which are between Defendant ADCS Clinics, LLC, and certain dermatologists, are relevant to Relator's Stark Law claims, and whether they should be produced in response to First Request RFP Nos. 9 and 11. However, the Court observes that the Parties previously stipulated to a set of Defendants who would respond to Stark-related discovery requests, and that Defendant ADCS Clinics, LLC is not among those Defendants. *See* ECF No. 150 at 3.

### B. Ownership Interests

Relator moves to compel documents regarding each Supervising Dermatologist's "ownership or stock ownership in any Defendant." *See* ECF No. 230 at 22. This is not the first time this issue has been before the Court. Indeed, Relator previously moved to compel this exact information. *See* ECF No. 190-1 at 8. At a hearing concerning the prior motion, Defendants agreed to produce documents reading ownership and stock ownership interests to the extent they were received as compensation. *See* ECF No. 208 at 2–3; ECF No. 204-1 at 4. Defendants then issued a supplemental discovery response that "no such documents" existed. ECF No. 204-3 at 3. Subsequently, in a July 22, 2025 Order and accompanying Opinion, this Court held that, in light of the claims pled in the Complaint, *see* ECF No. 217 at 4–7, Defendants were required to disclose ownership and stock ownership interests only insofar as those interests were received "as part of a

3

'compensation arrangement' as defined by the Stark Law," ECF No. 218 at 1.

Relator now argues that Defendants must provide "an updated response acknowledging [the July 22, 2025] Order." ECF No. 237 at 5. He argues that an "official RFP response . . . could be used" at the summary judgment stage and "read into the record at trial," including to show that the response "contradicts the testimony of ADCS' own employees." *Id.*; *cf. Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 211 (N.D. Ill. 2010) ("[I]nterrogatory answers may be used at trial 'to the extent allowed by the Federal Rules of Evidence.'" (quoting Fed. R. Civ. P. 33(c))).

Unless otherwise ordered, a party must supplement its discovery responses when it "learns that in some material respect the disclosure or response is incomplete or incorrect, *and* if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A) (emphasis added). Here, Defendants issued a written response that there were no documents regarding ownership or stock ownership interests received by Supervising Dermatologists as compensation. *See* ECF No. 204-3 at 3. Relator may use this discovery response in this litigation to the extent permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence. *Cf.* Fed. R. Civ. P. 33(c). And when this Court subsequently issued its ruling that Defendants were required to disclose ownership or stock ownership interests received "as part of a 'compensation arrangement' as defined by the Stark Law," Defendants did not supplement their response, indicating that their prior response continued to be "[]complete" and "[]correct." *See* Fed. R. Civ. P. 26(e)(1)(A). In any case, Defendants have stated in writing that their response "remains the same." ECF No. 236 at 15; *see* Fed. R. Civ. P. 26(e).

Defendant's prior written response, when viewed in light of Federal Rule of Civil Procedure 26(e), largely serves Relator's stated purpose of using discovery responses at summary judgment and trial. *See* ECF No. 237 at 5. And Defendants have "otherwise" made the continued

4

applicability of their prior response "known . . . during the discovery process" in writing. Fed. R. Civ. P. 26(e)(1)(A). The Federal Rules of Civil Procedure afford Relator nothing more. Accordingly, Relator's Motion to Compel an additional response with respect to ownership and stock ownership interests will be denied.

## II.     CONCLUSION

For the foregoing reasons, the Court will **GRANT** in part and **DENY** in part Relator's Motion to Compel (ECF No. 214). An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**