**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JONATHAN MAYER,** | : | **CIVIL ACTION** |
| *Plaintiff-Relator*, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ADCS CLINICS, LLC,** *et al.*, | : | **No. 21-cv-5303** |
| *Defendants.* | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                         **December 9, 2025**

The Court writes for the benefit of the Parties and assumes familiarity with the facts of the case. Previously, this Court granted in part and denied in part Relator's Motion to Strike the report of Defendants' expert Troy A. Barsky, and it afforded Defendants a limited period to revise and resubmit the report solely to address improper legal opinions that the report contained. *See* ECF No. 253 at 1. Relator now moves to strike the revised Barsky Report (ECF No. 262). For the reasons set forth below, Relator's Motion (ECF No. 262) will be **DENIED** except as to the portion of paragraph 57 of the revised Barsky Report identified below.

I.      **DISCUSSION**

A.  **Relator's Renewed Argument that Mr. Barsky Opines on Legal Conclusions**

After this Court previously directed Defendants to remedy deficiencies in the Barsky Report, *see* ECF No. 253 at 1, Defendants submitted a revised Barsky Report, *see generally* ECF No. 264-2. The revised report was fifteen pages shorter than the original report, and it included a number of revisions, deletions, and insertions. *Compare, e.g.*, ECF No. 246-3 ¶ 19, *with* ECF No. 264-2 ¶ 20; ECF No. 246-3 ¶¶ 34–38, *with* ECF No. 264-2 ¶¶ 34–35; ECF No. 246-3 ¶¶ 41–43, *with generally* ECF No. 264-2. The Court engaged in a careful page-by-page comparison of the original and revised Barsky Reports, and the revisions suggest a good-faith effort by Defendants

to comply with the Court's prior ruling.[1]

Relator moves to strike the revised Barsky Report because it contains legal conclusions. *See* ECF No. 262-1 at 17; ECF No. 264 at 17. The Court discussed the framework governing this issue when ruling on Relator's previous motion to strike, and it incorporates that analysis here. *See* ECF No. 252 at 6–8; ECF No. 254 at 6–8. As explained in greater detail in the Court's prior opinion, though experts may sometimes give background testimony on regulatory schemes and their requirements, they generally cannot opine on "pure issues of law," *Antrim Pharms. LLC v. Bio-Pharm, Inc.*, 950 F.3d 423, 430 (7th Cir. 2020), or render ultimate legal conclusions regarding a party's liability, *Patrick v. Moorman*, 536 F. App'x 255, 258 (3d Cir. 2013). Experts may also testify about industry customs and practices. *In re Puda Coal Secs., Inc.*, 30 F. Supp. 3d 230, 251–52 (S.D.N.Y. 2014), *aff'd sub nom.*, *Querub v. Hong Kong*, 649 F. App'x 55 (2d Cir. 2016).

The revised Barsky Report generally falls on the permissible side of this divide. A number of the statements with which Relator takes issue provide background on the Stark Law—for instance, identifying exceptions to the Stark Law, *see, e.g.*, ECF No. 264-2 ¶¶ 17, 45, 58. *See United States v. Duncan*, 42 F.3d 97, 101 n.3 (2d Cir. 1994) (witness appropriately explained "sophisticated aspects" of federal tax system); *United States v. Bilzerian*, 926 F.2d 1285, 1294–95 (2d Cir. 1991) (no abuse of discretion to allow expert to provide background on securities regulation, particularly given that a limiting instruction was used); *United States v. Onyenso*, 615 F. App'x 734, 738 (3d Cir. 2015) (witness could testify to purpose of Anti-Kickback Statute). These statements differ from those with which the Court previously took issue, which, when

---

[1] Relator argues that "much of what Defendants removed" from the Barsky Report was the "mass copying and pasting of the [text of the] Stark Law." ECF No. 266 at 5. Though there are some Stark Law excerpts that were removed from the Barsky Report, *see, e.g.*, ECF No. 246-3 ¶ 68, the Court's comparison of the original and revised reports reveals that Mr. Barsky made meaningful revisions to his report and that these revisions were not limited merely to deleting excerpts of the Stark Law, as discussed above.

viewed together, made legal arguments about the meaning of Stark Law terms and CMS regulations. *See* ECF No. 254 at 7; *see also Antrim Pharms. LLC*, 950 F.3d at 430 (experts typically cannot opine on "the meaning of statutes or regulations," given that it is the court's role to instruct the jury on the law); *United States v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011). The scope of Mr. Barsky's background testimony on Stark Law may be appropriately policed at trial.[2] *See Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Secs.*, LLC, 691 F. Supp. 2d 448, 471 (S.D.N.Y. 2010).

Other statements made by Mr. Barsky respond to the legal commentary of Relator's own experts, *see, e.g.*, ECF No. 264-2 ¶¶ 43–46. For instance, Mr. Barsky responds to a statement made by Relator's expert Todd Zigrang that there are "three tenets of defensibility" under the Stark Law. *See, e.g.*, *id.* ¶ 43; *see also* ECF No. 246 at 18; *cf. also* ECF No. 264-2 ¶ 46 (rebutting Mr. Zigrang's reliance on compensation surveys). Relator argues that the Court labeled Mr. Zigrang's statement a "passing remark" in ruling on Relator's first Motion to Strike. *See* ECF No. 266 at 4. That is not quite so. What the Court found was a passing remark was Mr. Zigrang's footnote briefly stating that commercial reasonableness was one such tenet. *See* ECF No. 254 at 3. And the Court made this comment when deciding whether Mr. Zigrang opened the door to a rebuttal report calculating the commercial reasonableness of certain compensation arrangements—a very different issue than the one presented here. *See id.* However, to the extent Mr. Zigrang's report states there are three core elements to satisfying the Stark Law, and identifies what those tenets are, Mr. Barsky may address this remark and similar remarks as incorrect or incomplete at the expert report stage.[3]

---

[2] Other parts of Mr. Barsky's testimony involve mixed questions of law and fact, including hypotheticals. *See, e.g.*, ECF No. 264-2 ¶ 10; *see Offill*, 666 F.3d at 177. To the extent these hypotheticals are prejudicial or too closely parallel the facts of this case, those issues can also be policed at trial.

[3] Similarly, Relator argues that rather than rebut only his experts, Mr. Barsky attempts to rebut Relator's own legal theories. *See* ECF No. 264 at 7. But Relator's experts make certain

This is not to say that the Court will permit Mr. Barsky to use the guise of experience, or other runarounds, to offer impermissible legal testimony. *See* ECF No. 264 at 6–8. The Court will strike one statement in Mr. Barsky's revised report on this basis. Mr. Barsky opines that based on "advis[ing] a wide range of health care clients" and analyzing clients' arrangements, he "understand[s] [the term] 'directly supervised' [in the in-office ancillary services exception of the Stark Law] to mean the supervision required under applicable Medicare payment or coverage rules for the specific services at issue." ECF No. 264-2 ¶ 57. This sentence goes beyond offering mere regulatory background, providing context for his opinions, or testifying about industry practices and customs. Instead, Mr. Barsky engages in acts of statutory interpretation, couched in his experience of advising healthcare clients in his current practice as a regulatory lawyer. *See id.*

Should this case proceed to trial, the Court will also not permit Mr. Barsky to testify as to whether Defendants did or did not violate the Stark Law. *Cf. id.* ¶¶ 33, 61–62. Such an opinion would go beyond aiding the jury "to "understand a particular [legally relevant] fact" and instead would "stat[e] ultimate legal conclusions based on those facts." *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001) (second quotation citing *Bilzerian*, 926 F.2d at 1294); *see also Babb v. Maryville Anesthesiologists P.C.*, 942 F.3d 308, 317 (6th Cir. 2019) (while experts can opine on an ultimate issue, experts cannot explicitly testify "that a defendant violated (or did not violate) the law").

### B. Relator's New Argument that Mr. Barsky "Attempts to Speak for CMS and 'The Industry'"

Relator also briefly argues that Mr. Barsky inappropriately opines on the viewpoint of the Centers for Medicare & Medicaid Services ("CMS") and industry. *See* ECF No. 264 at 10–12.

---

assumptions and draw some of those assumptions from Relator's Complaint. Mr. Barsky's revised report appears to address those assumptions.

According to Relator, the Barsky Report must be stricken because Mr. Barsky cannot "speak for . . . CMS and some unknown and undefined 'industry.'" *Id.* at 12.

Mr. Barsky served for approximately four years as the Director of the Division of Technical Payment Policy at CMS and previously worked in other government roles related to CMS. *See* ECF No. 264-2 at 21–22. This experience gives him a foundation to opine on and interpret CMS's practices and customs. He has also counseled healthcare entities as the co-chair of Crowell & Moring, LLP's Health Care Group, which gives him insight into the practices CMS has adopted since he left his role at CMS. *See id.* As a matter of a motion to strike, Mr. Barsky's opinions regarding CMS practices do not warrant striking his expert report.

Mr. Barsky's statements regarding industry do not justify striking the expert report for similar reasons. Though Relator claims Mr. Barsky refers to an "undefined and unknown 'industry'," ECF No. 264 at 12, from the Report's context, it is apparent that he is referring to healthcare entities. And Mr. Barsky has experience both at CMS and advising healthcare entities that gives him insight into that industry's practices—such as how healthcare practices are arranged and what Stark Law exceptions industry members frequently rely on. *See In re Puda Coal Sec., Inc.*, 30 F. Supp. 3d at 251–52. As a matter of a motion to strike, Mr. Barsky's opinions regarding industry practices do not warrant striking his expert report.

### C.  Striking the Expert Report is Not Warranted

Based on the foregoing, striking Mr. Barsky's expert report is not warranted. Defendants appear to have made a good-faith effort to revise the Barsky Report, as discussed above. And adequate safeguards can be put in place at later stages of litigation, such as limiting instructions. Nor does the Report appear to be redundant with the reports of Defendants' experts M. Timothy Renjilian and Curtis Bernstein, as Relator now argues. *See* ECF No. 264 at 14–15. Unlike Mr. Barsky, Mr. Renjilian attacks the statistical methods used by Mr. Blum, performs calculations

relevant to group practices under the Stark Law, and also rebuts the expert report of Christine Hall. *See* ECF No. 248-2 ¶¶ 31–60, 90–99. Likewise, unlike Mr. Barsky, Mr. Bernstein attacks the methodology Mr. Zigrang uses to calculate the fair market value of compensation—for instance, attacking Mr. Zigrang's sample size—and performs his own calculations of fair market value. *See* ECF No. 246-4 at 16, 25–33. Mr. Barsky, unlike either of these experts, primarily opines on industry and enforcement practices based on his policy and regulatory experience and offers background on the Stark Law.

Lastly, Relator argues that he will be prejudiced if the revised Barsky Report is not stricken because he needs time to rebut and depose Mr. Barsky. *See* ECF No. 264 at 15–16. However, Relator already had the opportunity to depose Mr. Barsky and did not do so. *See* ECF No. 250 at 6; ECF No. 265 at 17. And the Court also permitted Relator to move for an opportunity to rebut the revised Barsky Report, on the grounds that it is in actuality an affirmative report, and Relator chose not develop such arguments in his renewed briefing.[4] *See* ECF No. 254 at 8.

II.    <u>**CONCLUSION**</u>

For the foregoing reasons, the Court will **DENY** Relator's Motion to Strike the revised Barsky Report (ECF No. 262), except as identified above. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

_____

**CHAD F. KENNEY, JUDGE**

---

[4] Relator's reply brief states in passing that it is a "façade" that Mr. Barsky's report is a rebuttal report. ECF No. 266 at 4; *see also* ECF No. 264 at 15 (in opening brief, referring in passing to Mr. Barsky's report as "an affirmative report disguised as a rebuttal report"). However, Relator does not develop this argument.