**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JONATHAN MAYER, | : | CIVIL ACTION |
| *Plaintiff-Relator*, | : | |
| | : | |
| v. | : | |
| | : | |
| ADCS CLINICS, LLC, *et al.*, | : | No. 21-cv-5303 |
| *Defendants*. | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                  **March 20, 2025**

The Court writes for the benefit of the Parties and assumes familiarity with the facts of the

case.  Previously, the Court granted in part and denied in part Relator's Motion to Strike Certain

of Defendants'[1] Expert Rebuttal Reports (ECF No. 245).  ECF Nos. 252–254.  Relator's Motion

was granted with respect to Opinion 7 of the expert report of Curtis Bernstein (the "Bernstein

Report") and with respect to portions of the expert report of Troy Barsky (the "Barsky Report").

ECF No. 254 at 2–4, 6–8.  Accordingly, the Court permitted Relator to file a rebuttal expert report

addressing Opinion 7 of the Bernstein Report on or before December 3, 2025, permitted

Defendants to file a revised version of the Barsky Report (the "Revised Barsky Report"), set

deadlines for Relator to move to strike the Revised Barsky Report, and extended the summary

judgment and *Daubert* motions deadlines accordingly.  ECF No. 253 at 1–2.  After some more

motion practice, ECF Nos. 262, 265–68, and with expert discovery closed, the Parties proceeded

to brief their respective motions for summary judgment and *Daubert* motions.

---

[1] The term "Defendants" refers collectively to ADCS Clinics, LLC, ADCS Billings, LLC, Advanced Dermatology of Pennsylvania, PC, Advanced Dermatology of Colorado, P.C., Advanced Dermatology of Alabama, Inc., Advanced Dermatology of Arizona, PC, Advanced Dermatology of Georgia, LLC, Advanced Dermatology of Maryland, PC, Advanced Dermatology of Michigan, PC, Advanced Dermatology of Ohio, Inc., Advanced Dermatology of Rhode Island, PC, Advanced Dermatology of S.C., PC, Advanced Dermatology of Virginia, Inc., Advanced Dermatology of Wyoming, Inc., Leavitt Medical Associates of Florida, Inc., Leavitt Medical Associates of Nevada PC, and Skin Pathology Associates, LLC.

On February 4, 2026, Relator filed his opposition to Defendants' Motion for Summary Judgment.  ECF No. 309.  However, as part of his briefing, Relator relied on and appended the report of an entirely new expert: Neal Barker.  ECF No. 309 at 45–56; 309-15 (expert report of Neal Barker).

Defendants now move to strike the expert report of Neal Barker (the "Barker Report") and to strike portions of Relator's briefing relying on the Barker Report.  ECF No. 317.  For the reasons set forth below, Defendants' Motion (ECF No. 317) will be **GRANTED**.

## I.    DISCUSSION

Pending before this Court is Defendants' Motion to Strike the Expert Report of Neal Barker and to Strike Portions of Relator's Briefing Relying on the Barker Report.  ECF No. 317. Defendants argue that the Barker Report is untimely and should be excluded from the litigation because they were "surprised by and would be prejudiced by the inclusion of Barker in this case." *Id.* at 9–16.  In opposition, Relator argues that the Barker Report is not untimely and that it is merely a "reply" or, "supplemental" report that serves rebut the "new theories" put forth in the Bernstein Report as well as the affirmative opinions of Defendant's expert  Troy Barksy. ECF No. 321 at 1–4, 9–10.

Federal Rules of Civil Procedure ("Rule(s)") 26 and 37 govern the Court's discretion to strike an expert report.  *See Lakeview Pharmacy of Racine, Inc. v. Catamaran Corp.*, No. 25-1455, 2026 WL661902, at *2 (3d Cir. Mar. 9, 2026) (citing Fed. R. Civ. P. 26(a)(2)(D) and then citing Fed Civ. P. 37(c)(1)).  Rule 26(a) provides in relevant part, that parties must disclose their expert witnesses "at the times and in the sequence that the court orders."  Fed. R. Civ P. 26(a)(2)(D). "Under Rule 37, district courts are authorized to exclude evidence if a party violates the requirements of Rule 26(a)."  *Lamb v. Montgomery Twp.*, 734 F. App'x. 106, 110 (3d Cir. 2018) (citation omitted).  That is, when a party has failed to disclose an expert witness as outlined by

2

Rule 26(a), Rule 37(c) precludes that party from using that "witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). Accordingly, courts must not only determine whether disclosure was untimely, but whether exclusion of the evidence is the appropriate remedy. *See id.*

The Third Circuit has cautioned district courts that the "exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977)). Thus, in determining whether exclusion is the appropriate remedy, district courts are tasked with resolving the inherent tension between *form* and *substance*. *See Corteva Agriscience LLC v. Inari Agriculture Inc.*, No. CV 23-1059, 2026 WL 574624, at *2 (D. Del. Mar. 2, 2026) ("*Pennypack* recognizes that, left unchecked, unyielding procedural formality can interfere with the search for truth and work injustice.").

To alleviate this tension, district courts in the Third Circuit are guided by the factors outlined in *Meyers v. Pennypack Woods Home Ownership Association* when determining whether to exclude untimely evidence. 559 F.2d 894, 904–05 (3d Cir. 1997) (collecting cases).[2] These factors are:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad

---

[2] While the *Pennypack* factors have generally allowed the Third Circuit to evaluate whether a district court's decision to exclude expert testimony constitutes an abuse of discretion, *see, e.g.*, *Meyer*, 559 F.2d at 904, the factors are also employed by district courts when determining whether exclusion under Rule 37 is the appropriate remedy for a party's failure to disclose an expert as required by Rule 26. *See, e.g.*, *Corteva Agriscience LLC*, 2026 WL 574624, at *2 (concluding that "district courts in Delaware and elsewhere in the Third Circuit consider the [*Pennypack*] factors" citing *Id.* at 904–05).

faith or willfulness in failing to comply with the court's order.

*Id.* The importance of the evidence to be excluded is also considered by the reviewing court. *See ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012) ("The importance of the evidence is often the most significant factor." citing *Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 302 (3d Cir. 1991)); *see also Lakeview Pharmacy of Racine, Inc.*, 2026 WL 661902, at \*2 ("We also consider the importance of the excluded testimony.").

### A.  Disclosure of the Barker Report Was Untimely

As an initial matter, it is clear that Relator's disclosure of the Barker Report was untimely. Contrary to Relator's assertion that there was no deadline for reply expert reports, ECF No. 321 at 6, the Court did in fact impose deadlines on the exchange of expert reports.  On December 4, 2024, after conducting an initial pretrial conference with the Parties, the Court entered an initial Scheduling Order.  ECF No. 138.  The Scheduling Order has of course been amended and revised throughout the course of the litigation.  *See* ECF Nos. 161, 182, 203, 235, 244, 256, 294, 296. Prior to the filing of Relator's Motion to Strike Certain of Defendants' Rebuttal Expert Reports (ECF No. 245), the deadline to exchange expert reports was September 2, 2025, ECF No. 235 at 1, the deadline to exchange rebuttal expert reports was October 6, 2025 and the deadline to complete expert discovery was October 24, 2025.  ECF No. 244 at 1.  As discussed, those deadlines were revised by the Court's November 12, 2026 Order granting in part and denying in part Relator' Motion to Strike Certain of Defendants' Rebuttal Expert Reports.  *See* ECF No. 253 at 1.  Relator was permitted to submit an expert report *rebutting Opinion 7 of the Bernstein Report* by December 3, 2025.  *Id.*

The Court is unpersuaded by Relator's argument that the Barker Report is neither an "expert report" nor a "rebuttal expert report," but is rather an amorphous "reply" or "supplemental" report permitted by Rule 26.  ECF No. 321 at 6.  As discussed, the Court's Scheduling Order—

and its subsequent amendments—clearly outlined the deadlines by which the Parties could exchange expert report and rebuttal reports. *See* ECF Nos. 161, 182, 203, 235, 244, 256, 294, 296. The Court's Scheduling Order did not contemplate "reply" expert reports because they are not permitted. Rather, the Parties were permitted to submit rebuttal expert reports—as permitted by Rule 26—by October 6, 2025. *See* ECF No. 244 at 1.

Nor is the Court persuaded by Relator's argument that the Barker Report is necessary to rebut the "new theories" presented in the Bernstein Report or affirmative theories presented in the Revised Barsky Report. *See* ECF No. 321 at 1–4, 9–10. The Court has already adjudicated Relator's Motion to Strike the Bernstein Report, ECF Nos. 252–54, and the Revised Barsky Report and granted Relator relief. ECF No. 267–68. Relator may not relitigate these disputes nor unilaterally grant himself leave to file new rebuttal expert reports after expert discovery has closed. To put it simply: no matter how Relator wants to label the Barky Report, it is untimely.

### B. Exclusion is the Appropriate Remedy

Upon review, exclusion of the Barker Report from the litigation is the appropriate remedy for Relator's untimely disclosure. Application of the *Pennypack* factors counsels in favor of exclusion in this case.

First, Relator's untimely disclosure of the Barker Report caused Defendants both surprise *and* prejudice that cannot be cured. *See Meyers*, 559 F.2d at 904–05. As Defendants note, Relator's untimely disclosure of the Barker Report months after the applicable deadline(s) has deprived Defendants of the opportunity to depose Barker, rebut Barker's findings, or address the Barker Report whatsoever in their motion for summary judgment. *See* ECF No. 317 at 13.

Relator's argument that Defendants have not suffered any prejudice because they have not sought to depose Barker is unavailing. *See* ECF No. 321 at 7. Contrary to Relator's assertion that he "would have consented to reopening discovery[,]" only the Court can amend the Scheduling

5

Order. *See Lakeview Pharmacy of Racine, Inc.*, 2026 WL 661902, at *2 ("Rule 16(b)(4) provides—and the District Court's order clearly stated—that a 'schedule may be modified only for good cause and with the judge's consent.'" quoting Fed. R. Civ. P. 16(b)(4)). The appropriate recourse for Defendants once they were on notice of Relator's reliance on the Barker Report was to file the instant motion.

Next, the Defendants, nor the Court, are unable to cure the prejudice caused by Relator's untimely disclosure without delaying the litigation timeline in this case. As discussed, expert discovery has ended and the Parties' motions for summary judgment and *Daubert* motions are currently pending before this Court. ECF Nos. 272–78. Thus, in effect, Relator asks this Court to put pencils down on each of those motions to re-open discovery in order to permit Defendants to address the Barker Report. Doing so would cause undue delay, expense to Defendants who have already *briefed* a motion for summary judgment (ECF No. 275), and flout every notion of judicial economy.

The Court is unpersuaded by Relator's argument that there is "ample time" before trial to permit the Defendants to cure the prejudice they have suffered as a result of Relator's untimely disclosure of the Barker Report. The Court notes the relative complexity of the instant case.[3] As the U.S. District Court for the District of Delaware recently concluded in *Corteva Agriscience LLC*, cases in which the dispute over untimely disclosures is between sophisticated parties in a "sprawling litigation[,]" are not the kind of situation where the schedule should flex to accommodate an important, but belated, idea." 2026 WL 574624, at *4.

Finally, the Court finds that Relator's "willfulness in failing to comply with the [C]ourt's order" outweighs the relative importance of the Barker Report. The Court is mindful that the

---

[3] This *qui tam* lawsuit has been pending for over four years. The Parties have submitted hundreds of pages of briefing in support of their respective positions.

importance of the evidence to be excluded is often regarded as the most consideration for the reviewing Court. *See ZF Meritor, LLC*, 696 F.3d at 298 (citation omitted). However, even considering the relative importance of the Barker Report to Relator's case, the Court must exclude it from the litigation.[4] The Court cannot permit Relator to ignore the Court's discovery deadlines and blindside Defendants with the inclusion of an untimely expert report that adds as little as nothing to the equation.[5]

This is not a case in which form trumps substance, but where the "flagrant" disregard of the Court's Orders demand consequence. *See Konstantopoulos*, 112 F.3d at 719 (noting that "exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order" quoting *Meyers*, 559 F.2d at 904–05).

## II.   CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendants' Motion to Strike (ECF No. 317). The Court will strike the Barker Report (ECF No. 309-15) as well as the portions of Relator's summary judgment briefing that rely upon the Barker Report (ECF No. 309 at 45–56). An appropriate Order will follow.

---

[4] The Court notes that this is not a case where a party is being denied the opportunity to present *any* evidence on an issue. Relator argues that the Barker Report is needed to rebut the opinions in the Bernstein Report that discuss "total compensation." ECF No. 321 at 1–2. But Relator also asserts that he has already submitted an expert report that deals with FMV, the expert report of Todd Zigrang. *Id.* at 2. As the Court has previously explained to Relator upon declining to strike all but Opinion 7 of the Bernstein Report, the Parties' experts may disagree about the how to measure Fair Market Value as "an expert can rely on new methodologies to rebut another expert's opinions." ECF No. 254 at 2 (quoting *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 44 (S.D.N.Y. 2016)). Therefore, in addition to the numerous other expert witnesses Relator is relying on in this litigation, he has an expert on the issue of Fair Market Value. Relator's insistence that the Court consider the untimely Barker Report is just another attempt to continue volleying the issues back and forth with no end in sight.

[5] *See supra* at n.4.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**